**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IAN BRUCE,<br>Plaintiff,<br>v.<br>CONSUMER PORTFOLIO SERVICES, Inc.,<br>Defendant. | Civil Action No.<br>1:25-cv-03674-SDG |

**OPINION AND ORDER**

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge John K. Larkins, III [ECF 39], which recommends that Defendant Consumer Portfolio Services, Inc.'s (CPS) motion to dismiss for failure to state a claim [ECF 35] be granted. Plaintiff Ian Bruce, proceeding *pro se*, timely filed objections [ECF 42]. Because Bruce does not plausibly allege that he is entitled to accord and satisfaction of his car loan, or that CPS is a debt collector within the meaning of the Fair Debt Collection Practices Act (FDCPA), Bruce's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I. APPLICABLE LEGAL STANDARDS

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. DISCUSSION

Bruce brings this lawsuit against CPS regarding a retail installment sales contract he executed in 2024 for the purchase of a 2019 Honda CR-V.[1] Bruce seeks to have his car loan extinguished, along with associated remedies, on the theory

---

[1] ECF 29.

that his debt was satisfied after CPS cashed a money order from him marked "Payment in full, accord and satisfaction."[2] Bruce also pursues claims under the Georgia Uniform Commercial Code (UCC) and the FDCPA related to CPS' attempts to collect on the debt.[3]

The R&R recommends that CPS' motion to dismiss be granted for failure to state a claim, concluding that Bruce's money order did not satisfy the requirements of accord and satisfaction under Georgia law; the UCC does not apply to Bruce's car loan contract; and Bruce does not plausibly allege that CPS is a debt collector within the meaning of the FDCPA.[4] Bruce objects that he had a bona fide dispute with CPS regarding the debt, and therefore accord and satisfaction may apply; and that the R&R misapplied the FDCPA's definition of "debt collector."[5] Bruce does not object to the R&R's conclusion as to his UCC claim.

First, the accord and satisfaction claim. Under O.C.G.A. § 13-4-103(b)(1), "[a]cceptance by a creditor of a . . . money order marked 'payment in full' . . . in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless . . . [a] bona fide dispute or controversy exists as to the amount

---

2 *Id.* ¶¶ 31–56.

3 *See generally id.*

4 ECF 39.

5 ECF 42.

due." Bruce asserts that his dispute with CPS—where he questioned the identity of the original creditor, the chain of title or assignment of the loan to CPS, and CPS' status under the UCC—was a bona fide dispute under the statute. However, undersigned agrees with the R&R that such disputes are not the logical equivalent of a dispute "as to the amount due." Therefore, Bruce has not plausibly alleged that he is entitled to accord and satisfaction on his car loan.

Second, the FDCPA claim. The R&R concludes that CPS is not a "debt collector" within the meaning of the FDCPA, and therefore not liable on Bruce's FDCPA claims, because Bruce's car loan was not in default at the time it began servicing the loan. The FDCPA "defines 'debt collector' to mean '[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (quoting 15 U.S.C. § 1692a(6)). The definition then "excludes several categories of persons," including, as relevant here, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* (quoting 15 U.S.C. § 1692a(6)(F)(iii)). Read together, the FDCPA provides that "a person who otherwise meets the

definition of 'debt collector' may be excluded from the term if he obtained a debt from another, he is collecting the debt for another, and the debt was acquired prior to default." *Id.* at 1314. The documents attached to Bruce's complaint clearly show that CPS began servicing the loan before it went into default,[6] and where "the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Therefore, Bruce does not plausibly allege that CPS is a debt collector under the FDCPA.

Lastly, Bruce did not object to the R&R's conclusion that the UCC does not apply to his car loan contract, nor that allowing amendment of Bruce's claims here would be futile. Accordingly, undersigned reviewed those conclusions for clear error and finds none.

## III. CONCLUSION

Bruce's objections to the R&R [ECF 42] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 39] as the Order of this Court. CPS' motion to dismiss [ECF 35] is **GRANTED**. This case is **DISMISSED with prejudice**.

---

6 ECF 29, at 57–60 (Ex. E).

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge